UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
─────────────────────────────────X

TEHUTI BAT'Z ELOHIM BEY,
a/k/a ZACKARY HOWARD BLACK,
#18509-111,

        Plaintiff,

        - against -

MICHAEL FERNANDEZ, JAMES HOLT,
JOHN DOE, and KEVEN TROWEL,

        Defendants.
─────────────────────────────────X

**MEMORANDUM & ORDER**
Case No. 15-cv-7237 (PKC)

PAMELA K. CHEN, United States District Judge:

On October 7, 2015, Plaintiff Tehuti Bat'z Elohim Bey ("Bey" or "Plaintiff"), then detained at the Metropolitan Detention Center in Brooklyn, New York but now incarcerated at FCI Mendota in Mendota, California, filed this *pro se* action in the United States District Court for the Northern District of California. By Order dated December 16, 2015, the action was transferred to this Court. On February 15, 2016, Plaintiff complied with the filing requirements by submitting his request to proceed *in forma pauperis* and prisoner authorization form. The Court grants Plaintiff's request to proceed *in forma pauperis* solely for the purpose of this Order and dismisses Plaintiff's Complaint without prejudice for the reasons set forth below.

*BACKGROUND*

On November 25, 2014, Plaintiff was convicted after a jury trial of two federal criminal offenses, marijuana distribution conspiracy and money laundering conspiracy. He was sentenced on September 16, 2015 to 120 months' incarceration and five years' supervised release. *See United States v. Black*, 13-CR-316 (DLI), Dkt Nos. 176 (verdict sheet), 179, 207 (judgment). His appeal

of that conviction is pending in the United States Court of Appeals for the Second Circuit. *United States v. Black*, No. 15-2942.

Bey's criminal case originated with an investigation into a package containing approximately 2000 grams of methylone, a controlled substance, sent from China to the United States via the United States Postal Service. *See United States v. Black*, No. 13-CR-316 (DLI), Dkt. No. 18 at 1-3. The investigation led to the arrest of Bey's co-defendants on April 29, 2013, when they and Bey went to retrieve the package at a United Postal Service store located at Broadway and 115th Street in Manhattan. Bey evaded arrest that day, but was arrested, pursuant to a warrant, in Richmond, California on July 2, 2013. He was removed to this district, and subsequently arraigned in this Court on the complaint on July 30, 2013, and on the superseding indictment on August 1, 2013. Two of the four charges of the superseding indictment were dismissed on November 24, 2014, the third day of his trial.

In this Complaint, filed on October 7, 2015[1], less than one month after the September 16, 2015 sentencing, Plaintiff alleges that Homeland Security Special Agents Michael Fernandez and James Holt, Assistant United States Attorney ("AUSA") Kevin Trowel, who prosecuted Plaintiff, and John Doe, an employee at Thrifty Rental Car Company from whom Plaintiff rented the car implicated in the April 19, 2013 arrest of Bey's co-conspirators, violated his constitutional rights during his arrest, detention, and prosecution. Specifically, he alleges that Fernandez made false statements to "mislead the court into believing that Plaintiff evaded arrest" and that Trowel also made false allegations in court "in order to further deprive the plaintiff of his constitutional rights

---

[1] Plaintiff actually signed the Complaint on September 9, 2015, a week *before* his sentencing.

2

and aid defendants Holt, Fernandez, and Doe's Conspiracy against Plaintiff's rights." (Compl. at 6.)[2] He seeks damages for the Defendants' "use of fabricated evidence and misrepresentation of facts to secure Plaintiff['s] unlawful arrest, detention and prosecution." (*Id.* at 7.)

*STANDARD OF REVIEW*

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id.*; *Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under Prison Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory). Similarly, under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

Although courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474-76 (2d Cir. 2006) (internal quotations omitted)[3], a complaint must plead "enough

---

[2] All citations refer to the pagination generated by the Court's electronic docketing system and not the document's internal pagination.

[3] The Court also construes Plaintiff's *pro se* pleadings liberally because they allege civil rights violations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

3

facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

*DISCUSSION*

Plaintiff files this Complaint pursuant to 42 U.S.C. § 1983. Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for seeking redress.

Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan,* 443 U.S. 137, 144 n.3 (1979).

In order to maintain a § 1983 action, a plaintiff must allege both that the conduct complained of was "committed by a person acting under color of state law" and "deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994).

I.      Claims Against Federal Defendants Are Barred by *Heck v. Humphrey*

Except for the John Doe defendant, the Complaint is brought against federal agency employees. Thus, the Court construes it as an action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971). *Bivens* governs violations by persons acting under color of federal law and is analogous to 42 U.S.C. § 1983, which governs actions against persons acting under color of state law. *See Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995) ("federal courts have typically incorporated § 1983 law into *Bivens* actions.").

"In a *Bivens* action, alleged victims of constitutional violations by federal officials may recover damages despite the absence of any statute specifically conferring such a cause of action." *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir.1994). But, *Bivens* actions are brought against federal officials in their individual capacities. *See Carlson v. Green,* 446 U.S. 14, 21 (1980); *Dotson v. Griesa,* 398 F.3d 156, 165–66 (2d Cir. 2005).

Here, *Heck v. Humphrey* bars Plaintiff's claims that the two defendant DHS agents and an AUSA falsely arrested and detained him and maliciously prosecuted him. 512 U.S. 477 (1994). Under *Heck,* plaintiffs may not bring successful civil claims that would otherwise implicate the validity of their criminal convictions until those convictions are vacated or otherwise invalidated. *Id.* at 486-87. In *Heck,* the Supreme Court held that civil claims for damages arising from a plaintiff's criminal conviction are barred unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 487. "Although it is well established that a civil action for damages may be asserted against federal officials who violate certain clearly established constitutional rights . . . the *Heck* Court recognized that requiring a plaintiff to demonstrate that the criminal proceeding terminated in his

favor precludes the possibility of the claimant succeeding in the tort action after having been convicted[.]" *Abdel-Whab v. Orthopedic Ass'n of Dutchess*, 415 F. Supp. 2d 293, 306 (S.D.N.Y. 2006) (internal citations and quotations omitted). Although *Heck* involved a § 1983 claim, the Second Circuit has held that the rationale of *Heck* applies equally to *Bivens* actions such as Plaintiff's claim. *See Tavarez v. Reno,* 54 F.3d at 110; *see also Maietta v. Artuz,* 84 F.3d 100, 103 n.1 (2d Cir. 1996).

Here, Plaintiff's convictions for conspiracy to distribute marijuana and money laundering have not been reversed and his appeal is currently pending in the United States Court of Appeals for the Second Circuit. *United States v. Black,* No. 15-2942. Accordingly, Plaintiff's conviction precludes a *Bivens* action, unless and until that conviction is overturned or otherwise invalidated, or called into question by the issuance of a writ of habeas corpus. *See Channer v. Mitchell,* 43 F.3d 786, 787-88 (2d Cir. 1994) (affirming dismissal of Section 1983 claims under *Heck* where plaintiff failed to establish that his conviction had been reversed); *Cameron v. Fogarty,* 806 F.2d 380, 386–89 (2d Cir. 1986) (dismissing section 1983 action for unlawful arrest because conviction gave officers an absolute defense); *Abdel-Whab v. Orthopedic Ass'n of Dutchess*, 415 F. Supp. 2d 293, 306-07 (S.D.N.Y. 2006); *Duamutef v. Morris,* 956 F.Supp. 1112, 1115–1118 (S.D.N.Y. 1997) (dismissing 1983 claims under Heck where plaintiff's conviction was valid).

II. Claims Against Private Defendant

Even if *Heck* did not bar this action, Plaintiff could not bring a *Bivens* claim against defendant John Doe, the Thrifty Rental Car Company employee who issued the rental record for the car involved in his criminal case. A *Bivens* action may only be brought against someone acting under color of federal law, not a private citizen working for a private company. Notwithstanding

6

Plaintiff's conclusory allegation that Doe conspired with the defendant federal agents, there is no indication that Doe was "acting under federal law" as is required to assert a *Bivens* claim. Thus, he cannot be held liable for violations of federal constitutional rights. *See Minneci v. Pollard,* 132 S.Ct. 617, 623 (2012) ("[A] critical difference" between cases where *Bivens* liability applied and those where it did not is "employment status," i.e., whether the defendants were "personnel employed by the *government* [or] personnel employed by a *private* firm." (emphasis in original)); *see also Watson v. Zerillo,* No. 14–CV–02591, 2014 WL 2566910 (E.D.N.Y. Jun. 6, 2014) (applying *Minneci*, declining to recognize *Bivens* liability against private defendants in the context of claims against employees of a private prison); *La Ford v. Geo Group, Inc.,* No. 13–CV1978, 2013 WL 2249253 (E.D.N.Y. May 22, 2013) (same); *Brooks v. Sposato,* No. 11–CV–2598, 2012 WL 6756944 (E.D.N.Y. Nov. 26, 2012) ("plaintiff does not appear to have a viable federal claim under any set of facts against the [private prison facility] defendants"). Here, not only is Defendant Doe an employee of a private company, the private company has no relationship with the federal government, contractual or otherwise, that would place its behavior under the umbrella of federal action.

## CONCLUSION

Accordingly, the action is dismissed without prejudice for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Should Plaintiff be successful in achieving a favorable termination of his criminal case, Plaintiff may seek to recommence this action. *Amaker v. Weiner*, 179 F.3d 48 (2d Cir. 1999).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: March 2, 2016
       Brooklyn, New York