UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

TEHUTI BAT'Z ELOHIM BEY,
a/k/a ZACKARY HOWARD BLACK,

                Plaintiff,

             - against -

MICHAEL FERNANDEZ and JAMES HOLT,

                Defendants.
--------------------------------------------------------------X

**NOT FOR PUBLICATION**

**MEMORANDUM & ORDER**
Case No. 15-cv-7237 (PKC)

PAMELA K. CHEN, United States District Judge:

On October 7, 2015, Plaintiff Tehuti Bat'z Elohim Bey ("Plaintiff") filed this *pro se* action in the United States District Court for the Northern District of California. By Order dated December 16, 2015, the action was transferred to this Court. (Dkt. 4.) By order dated March 2, 2016, the Court dismissed Plaintiff's complaint without prejudice, for failing to state a claim, pursuant to, *inter alia*, 28 U.S.C. § 1915A. (Dkt. 16.) By order dated April 12, 2016, the Court granted Plaintiff's motion for reconsideration of the Court's dismissal order and instructed Plaintiff to file an amended complaint.

On June 13, 2016, Plaintiff filed an amended complaint (Dkt. 20), in which he alleges that his constitutional rights were violated by two U.S. Department of Homeland Security ("DHS") officials, Defendants Michael Fernandez and James Holt.[1] The thrust of Plaintiff's amended complaint is that, in the course of investigating and aiding the prosecution of an alleged drug-selling conspiracy, Fernandez and Holt made false statements and fabricated evidence that

---

[1] Plaintiff's original complaint identified "Kevin Trowel" and a "John Doe" as defendants (Dkt. 1 at 1), but his amended complaint names Fernandez and Holt as the only defendants (Dkt. 20 at 3).

caused Plaintiff to be falsely arrested and imprisoned on charges related to the distribution of Methylone (a.k.a. "Molly"), a Schedule I controlled substance. (*See* Dkt. 20.) As the Court explained in its March 2, 2016 Order (Dkt. 16), the Court understands Plaintiff to be asserting a private action for damages against Fernandez and Holt in their individual capacities pursuant to the Supreme Court's decision in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

On July 15, 2016, the Court granted Plaintiff's application to proceed *in forma pauperis*, with respect to the Amended Complaint, and summonses were issued as to Defendants Fernandez and Holt. (Dkts. 21, 22.) The summonses instructed the U.S. Marshals Service to make service at the U.S. Department of Homeland Security in Washington, DC. (Dkt. 22.) On December 9, 2016, the summonses were returned unexecuted, with a note stating that DHS had refused to accept service on behalf of Fernandez and Holt and advised that Fernandez and Holt would need to be served personally. (Dkts. 23-24.) DHS did not provide addresses where Fernandez and Holt could be served. (*Ibid.*)

On December 13, 2016, Plaintiff filed a motion to amend his complaint a second time in order to add DHS as a defendant in this action. (Dkt. 25.) The Court granted Plaintiff's motion on December 21, 2016, and instructed Plaintiff to file a second amended complaint within sixty days of the order. (Dkt. 26.) The Court further instructed Plaintiff that his second amended complaint should be labeled as the "Second Amended Complaint," "will completely replace the original complaint and the first amended complaint," and "will be reviewed for sufficiency under Fed. R. Civ. P. 8 and 28 U.S.C. § 1915(e)(2)(B) before service will be ordered." (Dkt. 26.)

On February 7, 2017, instead of filing a Second Amended Complaint as the Court had instructed, Plaintiff filed a motion to stay this action pending the resolution of an administrative claim that Plaintiff alleges he commenced with DHS on November 21, 2016. (Dkt. 27.) Plaintiff asserts that this action should be stayed because Plaintiff cannot proceed against DHS in federal court until he has exhausted his administrative claim pending before DHS. (Dkt. 27 ¶ 8.)

This Court has broad authority to grant a stay of proceedings as part of "control[ling] the disposition of cases on its docket with economy of time and effort for itself, counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). Plaintiff argues that this action should be stayed so that he can prosecute his purported claims against DHS, Fernandez, and Holt "all in one forum at one time." (Dkt. 27 ¶ 8.) According to Plaintiff, he will have exhausted his administrative claim against DHS "[when DHS] resolves the FTCA administrative claim which is still open, pending and unresolved, or being either settled, rejected, or the passage of 6 month time from the date the claim was served." (*Id.*)

The Court denies Plaintiff's motion. Although there is some logic to Plaintiff's request to stay this action, the Court finds that further delay in this action is unwarranted. Plaintiff commenced this action on October 7, 2015, now more than eighteen months ago. (Dkt. 1.) As of the date of this order, Plaintiff has made no progress toward prosecuting his claims against Defendants Fernandez and Holt—indeed, those Defendants have not even been served with process. (*See* Dkts. 23-24.) Given these circumstances, the Court finds that further delay is unwarranted. If and when Plaintiff successfully exhausts his claims against DHS, Plaintiff may move in the ordinary course for permission to amend his complaint to add DHS as a defendant. In the meantime, the Court will direct the U.S. Marshals Service to serve a summons and a copy of

the Amended Complaint (Dkt. 20) on Defendants Fernandez and Holt[2], and this action will proceed in the ordinary course as to those two Defendants.

## CONCLUSION

For the reasons stated above, Plaintiff's motion to stay this action is denied. If and when Plaintiff successfully exhausts his claims against DHS, Plaintiff may move in the ordinary course for permission to amend his complaint to add DHS as a defendant. In the meantime, pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), the Court directs the U.S. Attorney's Office to provide the proper service address for Defendants Fernandez and Holt by June 21, 2017. The Court also respectfully requests that Magistrate Judge Tiscione coordinate with the U.S. Marshals Service to serve a summons and a copy of the Amended Complaint (Dkt. 20) on Defendants Fernandez and Holt.

SO ORDERED.

*s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: May 31, 2017
  Brooklyn, New York

---

[2] In light of DHS's refusal to accept service for Defendants Fernandez and Holt (Dkts. 23-24), the Court, pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), directs the U.S. Attorney's Office to provide the proper service address for Defendants Fernandez and Holt by June 21, 2017. The U.S. Attorney's Office need not undertake to defend or indemnify this individual at this juncture. This Order merely provides a means by which this individual may be identified and properly served.